UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MIKE EASTERDAY, | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:05-CV-62 WL |
| v. | ) |
| KENT FARTHING, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

Mike Easterday, an inmate confined at the Huntington County Jail, submitted a complaint under 42 U.S.C. § 1983, alleging that he was denied adequate medical care while at the Jail. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Easterday alleges on January 5 he was bitten by a spider or some other insect. Mr. Easterday says he told several jailers that he needed to go to the hospital, but he was treated with Tylenol and told he would have to see a nurse before he would be taken to the hospital. He saw a nurse on January 11. He was seen by Dr. Johnson on January 12 and the doctor confirmed that is was an insect bite. The doctor prescribed antibiotics for two weeks. On February 9 Mr. Easterday was seen again by the doctor. The doctor told Mr. Easterday that the bite was healed except for a 1/2 inch by 1/4 inch scar on his stomach. Mr. Easterday says there is still a mass under the skin which is irritated and causes pain.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Mr. Easterday names Sheriff Kent Farthing as a defendant in this case. He does not allege that the Sheriff denied him adequate dental care, or that he knew he was being denied medical care. The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Sheriff Farthing will be dismissed as a defendant.

DENIAL OF MEDICAL CARE

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or

unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. *Hendricks v. Faulkner*, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.*, *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983) (a mere disagreement with a physician over a course of medical treatment states no claim under § 1983). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. *Estelle v. Gamble*, 429 U.S. at 107-108. Mr. Easterday says that he was diagnosed and treated for an insect bite while at the jail. He was seen by a nurse, a doctor, and given antibiotics. That Mr. Easterday believes he should have taken to the hospital fails to state a claim. The facts as given by Mr. Easterday establish that the defendants was not deliberately indifferent to his medical needs.

CONDITIONS OF CONFINEMENT

Mr. Easterday alleges that he is being housed under unconstitutional conditions. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. at 834. The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Mr. Easterday alleges that he was sleeping on the floor at the jail. Complaint at 3, docket # 1. Though he alleges that he was sleeping on the floor due to overcrowding, sleeping on the floor does not deny Mr. Easterday the minimal civilized measure of life's necessities and it does not violate his Constitutional rights.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**DATED: AUGUST 9, 2005**

S/William C. Lee
**WILLIAM C. LEE, JUDGE**
**UNITED STATES DISTRICT COURT**
